UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**MYRTLE HEADE,**                   )
                                    )
      **Plaintiff,** )
                                    )
      v.           )    **Civil Action No. 09-02460 (ESH)**
                                    )
**WASHINGTON METROPOLITAN AREA**    )
   **TRANSIT AUTHORITY.**         )
                                    )
      **Defendant.** )
_____)

## MEMORANDUM OPINION

Plaintiff Myrtle Heade has sued defendant Washington Metropolitan Area Transit Authority ("WMATA") for violation of Maryland Code § 9-1105, which prohibits an employer from discharging an employee solely because the employee files a worker's compensation claim. Md. Code Ann., Lab. & Empl. § 9-1105. Before the Court is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Because collateral estoppel bars plaintiff from proving an essential element of her claim, defendant's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who became an employee of WMATA in 1999, alleges that she suffered a work-related accident and was injured in 2002. (Compl. ¶¶ 5-6.) Although she continued at her job for several days, she soon missed work and sought medical treatment. (*Id.* ¶¶ 8-9.) In April 2005, she filed a worker's compensation claim concerning this injury, which WMATA opposed. (*Id.* ¶¶ 11-12.) A member of the Maryland Worker's Compensation Commission found that plaintiff had sustained an injury arising from her job and issued her an award in March 2006, but WMATA appealed to the Circuit Court for Montgomery County, Maryland, where a jury

1

decided that she had not suffered an injury during and because of her employment. (*Id.* ¶¶ 12-16.) In January 2007, WMATA discharged plaintiff, stating that she had failed to follow its procedures for reporting an accident and had knowingly made false statements. (*Id.* ¶ 18.)

According to plaintiff, WMATA ended her employment solely because she had filed a worker's compensation claim. (*Id.* ¶¶ 20, 22.) Defendant argues that it is entitled to dismissal of plaintiff's claim because an arbitration panel invoked after plaintiff filed a grievance to protest her termination concluded that she knowingly made false statements in her worker's compensation claim and that her discharge was warranted.[1] (Mem. of P. & A. in Supp. of Def. WMATA's Mot. to Dismiss or, In the Alternative, for Summ. J. at 2; Aff. of Sara L. Bloom ["Bloom Aff."], Ex. A at 33.) Specifically, after a two-day hearing at which plaintiff testified, the arbitration panel found that the "evidence and circumstances uniformly militate against the truth of [plaintiff's] version of events" and that plaintiff's actions were "parts of a conscious, extended course of conduct intended to bring her economic benefits to which she was almost certainly not entitled and would not have received, but for her false testimony and statements." (Bloom Aff., Ex. A at 2, 29, 33.) As such, the Board concluded that WMATA "proved [plaintiff] guilty of [making false statements] and that her violation is sufficient to warrant her termination." (*Id.*)

## ANALYSIS

Section 9-1105 states that an "employer may not discharge a[n employee] . . . *solely* because the . . . employee files a claim for [worker's] compensation." Md. Code Ann., Lab. &

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider "matters of which it may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court takes judicial notice of the 2008 arbitration opinion and award issued by the WMATA Board of Arbitration. *See Camp v. Kollen*, 567 F. Supp. 2d 170, 173 n.5 (D.D.C. 2008) (taking judicial notice of arbitration award).

Empl. § 9-1105 (emphasis added). Maryland courts have interpreted this language narrowly, holding that "the filing of a [worker's compensation] claim is the crucial and only violation triggering the statute's protection." *Kern v. S. Balt. Gen. Hosp.*, 504 A.2d 1154, 1157 (Md.Ct.Spec.App. 1986); *see also Ford v. Rigidply Rafters, Inc.*, 999 F. Supp. 647, 650 (D.Md. 1998) ("[U]nder § 9-1105(a), an employer who has mixed motives for discharging an employee may avoid liability provided one motive is legitimate."). A plaintiff bringing a claim under § 9-1105 is "required to show that [s]he was discharged without just cause, and in retribution for h[er] earlier filing of a worker's compensation claim." *Ewing v. Koppers Co.*, 537 A.2d 1173, 1178 (Md. 1988).

The arbitral finding that plaintiff was properly terminated for making false statements collaterally estops plaintiff from showing that she was fired in violation of § 9-1105. The Maryland Court of Appeals decided this issue in *Ewing*, holding that an arbitrator's ruling that an employer "had just cause to terminate" an employee prevented that employee's suit under § 9-1105 "because an essential element of the cause of action [*i.e.*, that he had been discharged without just cause] was determined adversely to the employee by final arbitration." *Ewing*, 537 at 1174, 1179. Plaintiff's argument that *Ewing* is inapposite because hers is a "statutory" claim with different elements of proof than the "common law tort of wrongful discharge" in *Ewing* is unavailing.[2] Section 9-1105 makes it a misdemeanor offense to fire an employee solely because

---

[2] Plaintiff's contention that the arbitration's findings do not bar her claim because she was not a party to that proceeding is also without merit. Ms. Heade filed the grievance that led to the arbitration, and she testified and was present throughout it. (Bloom Aff., Ex. A at 1-2, 14.) Moreover, she was in privity with her union. "The concept of privity requires an alignment of interests and not an exact identity of parties." *Weinberger v. Tucker*, 510 F.3d 486, 492 (4th Cir. 2007). The union represented plaintiff in the arbitration, and her interests at that proceeding and in this lawsuit are the same as her union's: to challenge her discharge by WMATA. (Bloom Aff., Ex. A at 4.) In addition, it is significant to note that at the arbitration, the union argued that

3

she brought a worker's compensation claim. Md. Code Ann., Lab. & Empl. § 9-1105(b). Plaintiff is able to bring a claim under this criminal statute because the Court of Appeals of Maryland recognized a cause of action under § 9-1105 (then known as Md. Ann. Code Art. 101 § 39(A)) for at-will employees who had been discharged for filing a worker's compensation claim, *Adler v. Am. Standard Corp.*, 432 A.2d 464, 473 (Md. 1981), and this right was extended to contractual employees in *Ewing*. 537 A.2d at 1174-75. Plaintiff's cause of action is the same as that recognized in *Ewing* and *Adler*, and *Ewing*'s holding controls this case. WMATA's motion is granted, and the above-captioned case is dismissed with prejudice. A separate Order will accompany this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: March 12, 2010

---

plaintiff had been terminated for filing a worker's compensation claim, specifically citing § 9-1105. (*Id.* at 20.)